IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-02557-RBJ-STV

MARK ALAN STREPKA,

    Plaintiff,

v.

MATTHEW R. THOMPSON and,
MARCUS A. VIGIL,

    Defendants.

ORDER

On December 9, 2016 a United States Postal Service supervisor called 911 to report an unknown man was sleeping on the floor of the Wellshire Post Office lobby with a knife sitting on a nearby desk. The man, later determined to be the plaintiff, Mr. Mark Alan Strepka, was subsequently arrested by Sergeant Marcus Vigil. Mr. Strepka filed this 42 U.S.C § 1983 action against Sergeant Vigil, as well as Mathew Thompson, the emergency medical technician dispatched to the post office to perform a "welfare check" on Mr. Strepka. Mr. Strepka alleges that the defendants searched and seized him without reasonable suspicion or probable cause in violation of his Fourth Amendment rights. He also claims that Sergeant Vigil used excessive force in restraining him under the circumstances. Finally, Mr. Strepka alleges that his arrest was unlawful because Sergeant Vigil lacked probable cause and had no jurisdiction to arrest Mr. Strepka on federal post office property.

1

This matter is before the Court on the July 24, 2019 Recommendation of Magistrate Judge Scott T. Varholak, ECF No. 64. The recommendation addresses defendants' motions to dismiss, ECF No. 18, ECF No. 22, filed by defendants Marcus Vigil and Mathew Thompson, respectively. Judge Varholak recommends that I grant defendants' motions to dismiss with regard to all of plaintiff's claims. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the recommendation, and that failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings and recommendations. ECF No. 64. On August 12, 2019, the day that objections were due, Mr. Strepka filed a request for extension of time to file objections. In his request Mr. Strepka stated that he was unable to file objections within the original time limit because he was in medical isolation on July 29, 2019. ECF No. 65. He also indicated that he needed more time due to closures of the law library at the Sterling Correctional Facility where he resides. *Id*. Mr. Strepka asked this Court to grant a 30-day extension. Because Mr. Strepka did not indicate how long he was in medical isolation, how it affected his ability to object, how long he was unable to access the law library, or how it affected his ability to object, this Court granted Mr. Strepka 14 additional days, rather than 30. ECF No. 66. Despite this extension, Mr. Strepka did not file any objections by the extended August 26, 2019 deadline.

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or

legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court has reviewed the Recommendation. Based on this review, the Court concludes that the Magistrate Judge's analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Within its discretion, the Court has also conducted a de novo review of Judge Varholak's recommendation. Based upon that review, which involved reading Mr. Strepka's complaint, ECF No. 1, defendants' motions to dismiss, ECF No. 18, ECF No. 22, Mr. Strepka's response to both motions, ECF No. 48, ECF No. 49,and defendants' replies, ECF No. 51, ECF No. 52, watching submitted body camera footage and the 911 call, ECF No. 21, and reviewing relevant case law[1], I agree with Judge Varholak's conclusions.

---

[1] The court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), precluding § 1983 claims that would undermine a currently valid conviction or sentence; *McDonough v. Smith*, 139 S. Ct. 2149 (2019) and *McCarty v. Gilchrist*, 646 F.3d 1281 (10th Cir. 2011), holding that a § 1983 action does not accrue until after a conviction or sentence has been invalidated; *Ross v. Neff*, 905 F.2d 1349 (10th Cir. 1990), finding a search unreasonable when conducted on tribal land, outside the jurisdiction of the officer, and subsequent cases, *United States v. Jones*, 701 F.3d 1300 (10th Cir. 2012) and *United States v. Sawyer,* 441 F.3d 890 (10th Cir. 2006), limiting *Ross* to those facts; *United States v. Bute*, 43 F.3d 531 (10th Cir. 1994), limiting the community caretaking warrant exception to automobile searches, and *United States v. Garner*, 416 F.3d 1208 (10th Cir. 2005) revising the exception to apply more broadly; *United States v. Novitsky*, 58 F. App'x 432 (10th Cir. 2003), finding that a reasonable officer would not have applied a pain compliance hold to an individual who was complying with an officer request to exit a vehicle and was not suspected of committing any crime nor perceived as a threat to officer safety; *Hawker v. Sandy City Corp.*, 591 F. App'x 669 (10th Cir. 2014), finding officer did not use excessive force when she applied pain compliance hold to a recently combative nine-year-old who was grabbing her arm and not complying with verbal commands; *United States v. Soza*, 686 F. App'x 564 (10th Cir. 2017), finding that officers' brandishing weapons and ordering defendant to put his hands on his head escalated an investigative stop to an arrest, given defendant's calm and submissive demeanor; *United States v. Hood*, 774 F.3d 638, 643 (10th Cir. 2014), explaining that in determining the line between an investigative stop and an arrest, the court must give "careful attention to the facts and circumstances of each particular case" and give "allowance for the fact that police officers are often forced to make split-second judgments."

**ORDER**

1. The recommendation of Magistrate Judge Varholak, ECF No. 64, is ACCEPTED and ADOPTED.

2. Defendants' motions to dismiss, ECF No 18 and ECF No. 22, are GRANTED. Plaintiff's first claim is dismissed WITHOUT PREJUDICE. Plaintiff's second and third claims are dismissed WITH PREJUDICE.

DATED this 12th day of September, 2019.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge